# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:

ROGER W. SODERSTROM, SR.; and
TANSEY M. SODERSTROM,

               Debtors.

───────────────────────────────

HORIZONS A FAR, LLC,

               Appellant,

vs.                               Case No. 6:12-cv-1205-Orl-37

SCOTT R. BUONO; MARTHA BUONO;
PLAZA N 15 PARTNERS LLC; PLAZA
N 15 LLC; SOC-PLAZA SUITES LLC;
YOUROFFICE MGMT LLC; and
YOUROFFICE SYS LLC,

               Appellees.

───────────────────────────────

## ORDER

      This cause is before the Court on the following:

      1.      Brief of Appellant (Doc. 19), filed August 31, 2012;

      2.      Answer Brief of Appellees (Doc. 20), filed September 13, 2012; and

      3.      Reply Brief of Appellant (Doc. 21), filed September 27, 2012.

This appeal was taken from orders (Docs. 1-5, 1-6, 1-7) of the Bankruptcy Court. (Doc. 1-1.) After being fully briefed and having heard oral argument (Doc. 23), the Court hereby affirms the orders of the Bankruptcy Court, for the reasons set forth below.

## BACKGROUND

Appellant is Horizons A Far, LLC, a creditor of the Bankruptcy Estate. This dispute began when Appellant filed an adversary complaint against the Appellees and the Debtors (the Soderstroms) in Bankruptcy Court. (Doc. 2-1.) Appellees are: Scott and Martha Buono; Plaza N 15 Partners, LLC ("Partners"); Plaza N 15, LLC ("PN15"); and three other LLCs (SOC-Plaza, YourOffice Management, and YourOffice Systems).

The adversary complaint alleges the state law claims of fraud, fraud in the inducement, unjust enrichment, and equitable estoppel against all of the Appellees, as well as the Debtors. (*Id.*) It also alleges the federal bankruptcy claims of non-dischargeability and denial of discharge against the Debtors only. (*Id.*)

The LLCs were created to buy, lease, operate, and manage property on the fifteenth floor of the Plaza North Tower Condominium in downtown Orlando. (*Id.* ¶¶ 15–37.) The Debtors and the Buonos each own half of Partners. (*Id.* ¶¶ 6–8.) In turn, Partners owns half of PN15; the other half is owned by various investors, including Appellant. (*Id.* ¶ 10.) The other LLCs were owned at various times by the Debtors, the Buonos, Partners, and PN15. (*Id.* ¶¶ 12–14.) The thrust of Appellant's adversary complaint is that the Debtors and the Buonos used these intertwining LLCs to create a complex scheme in order to defraud Appellant and other investors. (*Id.* ¶¶ 15–46.)

Appellees moved the Bankruptcy Court to dismiss the state law claims against them for lack of jurisdiction. (Doc. 3-1.) Appellees argued that they are not debtors and that they did not consent to jurisdiction for the Bankruptcy Court to decide purely state law issues. (*Id.*)

Appellant responded, arguing that "the actions of the debtor defendants are inextricably intertwined with those of the non-debtor defendants, and as such, [the

Bankruptcy] Court has jurisdiction as [it] would necessarily resolve the issues in the process of resolving the claim and presiding over the debtor defendants adversary proceeding." (Doc. 3-2, ¶ 8.) Essentially, Appellant asserted that because the Bankruptcy Court clearly had jurisdiction over the core matter of the federal bankruptcy claims against the Debtors, and the actions of the Debtors and the Appellees were "inextricably intertwined," then the Bankruptcy Court also must have jurisdiction over the claims against the Appellees. (*Id.* ¶¶ 5–8.)

The Bankruptcy Court held a hearing on the motion to dismiss. (Doc. 14-1.) At the hearing, Appellant contended that severing Appellees' state law claims from the Debtors' federal bankruptcy claims would result in duplicative efforts; Appellant therefore urged the Bankruptcy Court to exercise jurisdiction because it would have to hear evidence about the facts underlying the state law claims in order to rule on the bankruptcy claims anyway. (*Id.* at 8.)

The Bankruptcy Court was unconvinced. (*Id.* at 9–10.) It orally granted the motion to dismiss, noting that "judicial[] inefficien[cy] is not a defense to constitutional impermissibility." (*Id.* at 9.) The Bankruptcy Court then entered a short order summarily granting the motion to dismiss and dismissing the Appellees from the adversary proceeding. (Doc. 1-5.)

Appellant moved the Bankruptcy Court to reconsider. (Doc. 3-4.) Appellant recast its judicial economy argument in terms of prejudice, contending that the dismissal created a manifest injustice for Appellant because it would be forced to fund similar litigation in both state court and the Bankruptcy Court. (*Id.* at 2.) Additionally, Appellant asserted a wholly new argument: that the Bankruptcy Court had "related to" jurisdiction over the Appellees. (*Id.*) Rather than relying on its earlier argument that the state law

claims were "inextricably intertwined" with the core bankruptcy claims, Appellant now claimed that the state law claims were related to the bankruptcy as a whole, an entirely different inquiry. (Doc. 3-4, pp. 4–5.)

The Bankruptcy Court denied the motion for reconsideration. (Doc. 1-6.) First, it found that Appellant's "related to" jurisdiction theory was a new argument that was not raised in the initial opposition to the motion to dismiss and therefore was not properly considered. (*Id.* at 6.) Second, the Bankruptcy Court found that even if it considered the new argument on the merits, it still did not have jurisdiction. (*Id.* at 7.) The Bankruptcy Court held that "[m]erely packaging state law claims with 'core' bankruptcy claims does not cause the entire proceeding to fall under 'related to' jurisdiction." (*Id.* at 8.) It noted that there were only two ways the claims against the non-debtor Appellees could impact the Estate: (1) that recovery against the Appellees may reduce the claims against the Debtors in bankruptcy; and (2) that the Debtors could seek contribution or indemnification from the Appellees. (*Id.*) The Bankruptcy Court dismissed the first theory as fallacious, stating, "To hold that such a factual scenario confers 'related to' jurisdiction on the Court would be to hold that bankruptcy courts have jurisdiction over *any* claim against *any* non-debtor defendant where a debtor is co-defendant." (*Id.* at 9.) It dismissed the latter theory as insupportable under state law.[1]

---

[1] The Bankruptcy Court noted that indemnification is only allowed under such circumstances for faultless behavior, such as vicarious liability, and contribution is only available for negligence or strict liability torts. (Doc. 1-6, p. 9.) Because Appellant alleged intentional torts, neither of these would apply, and thus neither outcome could conceivably affect the Estate. (*Id.*)

Appellant now argues on appeal that the Bankruptcy Court erred in considering only common law indemnification and overlooked the contractual indemnification provisions in Partners' Operating Agreement. (Doc. 19, pp. 22–23.) The Court notes that Appellant's original argument in the motion for reconsideration made only the most passing reference to "contribution, indemnification or otherwise" in a parenthetical;

Appellant appealed from both the order granting the motion to dismiss (Doc. 1-5, the "Dismissal Order") and the order denying the motion for reconsideration (Docs. 1-6, 1-7, collectively[2] the "Denial Order"). Appellant argues that the Bankruptcy Court erred in granting the motion to dismiss. (Doc. 19, p. 8.) It asks this Court to determine that the Bankruptcy Court does have jurisdiction over the Appellees. (*Id.*) Appellant also urges that the Bankruptcy Court erred in denying the motion for reconsideration, thereby working a manifest injustice on Appellant. (*Id.*)

## STANDARDS

This Court has jurisdiction over this appeal from the orders of the Bankruptcy Court, pursuant to 28 U.S.C. § 158.

### I.   Dismissal Order

The granting of a motion to dismiss is reviewed de novo. *Versiglio v. Bd. of Dental Examiners of Ala.*, 686 F.3d 1290, 1297 (11th Cir. 2012). The determination of

---

Appellant did not mention contractual indemnification at all. (Doc. 3-4, p. 7.) Therefore, the Court considers that argument waived.

Even if the Court were to consider the argument properly preserved for appeal, Appellant's argument still has multiple flaws. One of the two indemnification provisions mentioned in Appellant's argument—Section 14.1—expressly does not apply to the type of fraudulent conduct alleged (Doc. 19, pp. 22–23), so that is unavailing for the same reasons discussed by the Bankruptcy Court. The other indemnification provision— Section 6.14—applies only when a member of the LLC breaches the management provision and is only available when another member invokes indemnification, neither of which appears to have yet taken place. (*Id.*)

Finally, at bottom, Appellant's argument is that it is possible that recovery against a non-debtor could affect recovery against the Debtors, which could in turn affect recovery for the Debtors' other creditors, thereby affecting the administration of the Estate. As discussed below, the Court finds that argument to be so attenuated and speculative as to fail the *Stern* and *Lemco Gypsum* tests for demonstrating that an adversary proceeding is related to the underlying bankruptcy.

[2] The order denying the motion for reconsideration (Doc. 1-7) is a summary order; the opinion setting out the reasoning for the denial was entered separately (Doc. 1-6). Appellant appealed them both, presumably out of an abundance of caution. (Doc. 1-1.) The Court will refer to them collectively as the "Denial Order" herein, and the Court affirms them both collectively.

whether a Bankruptcy Court has jurisdiction is also reviewed de novo. *In re Ryan*, 276 F. App'x 963, 965–66 (11th Cir. 2008).

A Bankruptcy Court has jurisdiction over proceedings "related to" a bankruptcy case. 28 U.S.C. § 157(b). There is "related to" jurisdiction if the outcome of the adversary proceedings "conceivably could . . . affect[] the administration of [the] estate." *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). The U.S. Supreme Court has recently put an important limitation on this test, however: "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011). Judicial economy itself does not justify the exercise of bankruptcy jurisdiction, nor does a common issue of fact necessarily bring an adversary proceeding within the scope of bankruptcy jurisdiction. *In re Boone*, 52 F.3d 958, 961 (11th Cir. 1995).

## II. Denial Order

The denial of a motion for reconsideration is reviewed for abuse of discretion. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). Reconsideration is appropriate where new evidence was discovered or if the court made a clear error of law or fact. *See In re Kellogg*, 197 F.3d 1116, 1119–20 (11th Cir. 1999).

## DISCUSSION

On de novo review, this Court agrees entirely with the conclusions of the Bankruptcy Court. The Court finds that the Bankruptcy Court did not err in granting the

motion to dismiss and that it does not have jurisdiction over the state law claims against Appellees.

Appellant's initial argument, that the state and federal claims are inextricably intertwined factually, relies largely on judicial efficiency and has been utterly foreclosed by precedent. *See, e.g.*, *Boone*, 52 F.3d at 960–61; *Lemco Gypsum*, 910 F.2d at 789 ("Judicial economy itself does not justify federal jurisdiction.").[3] Convenience simply does not convey jurisdiction, and Appellant cites no controlling case law to the contrary.

Just as convenience does not create jurisdiction, neither does inconvenience mandate reconsideration—and again, Appellant cites no precedent in support of its argument that being "forced" to litigate its purely state law claims in state court is so erroneous or unjust as to justify overturning the Bankruptcy Court's dismissal. Because Appellant demonstrated no clear error in the Dismissal Order,[4] the Court finds that the

---

[3] *See also Lemco Gypsum*, 910 F.2d at 787–88 (noting that the interpretation of "related to" jurisdiction must "avoid the inefficiencies of piecemeal adjudication and promote judicial economy" but that such an interpretation must be weighed against "an overbroad construction . . . [which] may bring into federal court matters that should be left for state courts to decide").

[4] Appellant also asserts on appeal that the Bankruptcy Court erred in reviewing the motion for reconsideration solely under Federal Rule of Civil Procedure 59(e), rather than both Rules 59(e) and 60(b)(6), as Appellant's motion posited. (Doc. 19, p. 29.) Rule 60(b)(6) is a catch-all provision authorizing relief from an order for "any other reason that justifies relief." The Bankruptcy Court did in fact consider Appellant's Rule 60 argument, but it found that Rule 60 was inapplicable (Doc. 1-6, p. 4), as Rule 59 more properly applies to reconsideration of substantive aspects of the underlying order. *See, e.g.*, *Finch v. City of Vernon*, 845 F.2d 256, 258–59 (noting that the style of a motion for reconsideration is not controlling, but rather the court's characterization of the substance of the motion controls).

Even assuming *arguendo* that Rule 60 applies, this Court finds that Appellant's motion did not establish any sort of manifest injustice or any other circumstance that would justify relief. *Cf. Kellogg*, 197 F.3d at 1120 n.3 (affirming the lower court's denial of a motion for reconsideration under Rule 59(e), and also noting that even if the motion were considered under Rule 60, the movant still did not demonstrate circumstances warranting relief from judgment). As explained above, a lack of convenience does not equate to an injustice, and Appellant cites no binding authority in support of its

Bankruptcy Court was well within its discretion in denying Appellant's motion for reconsideration.

Indeed, the Bankruptcy Court went one step further and even considered the merits of Appellant's "related to" jurisdiction argument, which was, in actuality, foreclosed for failure to raise it earlier.[5] On a de novo review of that jurisdictional determination, this Court also agrees with the Bankruptcy Court that the "related to" jurisdiction argument is meritless. To find that these purely state law claims convey "related to" jurisdiction would be to declare that *all* bankruptcy courts have jurisdiction over *all* claims against *any* non-debtors sued alongside debtors. Such a finding would be utterly illogical.

Appellant seeks to stretch the Eleventh Circuit's formulation beyond the breaking point of conceivability, *see Lemco Gypsum*, 910 F.2d at 788, and into the realm of mere speculation. Even viewed in the broadest light, these fraud claims do not in any way stem from the bankruptcy itself and would not necessarily be resolved in the administration of the Estate. *See Stern*, 131 S. Ct. at 2618. The disposition of the state law claims against the Appellees will not necessarily resolve those against the Debtors, as the parties own different fractional holdings in different LLCs, have different roles in those LLCs, and took part in different allegedly fraudulent actions. Indeed, the actions

---

proposition.

[5] Additionally, Appellant raises yet another argument on appeal that it did not raise either in its opposition to the motion to dismiss or in its motion for reconsideration: supplemental jurisdiction under 28 U.S.C. § 1367(a). (Doc. 19, pp. 24–25.) Appellant rightly notes that "the Bankruptcy Court never considered supplemental jurisdiction in concluding that it lacks jurisdiction"—but fails to note that the Bankruptcy Court did not consider the argument because Appellant did not raise it. (*Id.* at 25.) Thus, the Court deems that argument waived. Even if the Court were to consider the supplemental jurisdiction argument, Appellant has not demonstrated that the state law fraud claims against the non-debtor Appellees are "so related to" the bankruptcy claims against the Debtors as to even confer jurisdiction under § 1367, for the reasons discussed above.

allegedly giving rise to the fraud occurred before the Debtors even declared bankruptcy. The bare fact that some of the same parties are involved in both proceedings is simply too tangential a connection to create a basis for "related to" jurisdiction. *Cf. Lemco Gypsum*, 910 F.2d at 789 ("The fact that property was once owned by a [debtor] does not supply federal jurisdiction of all future disputes concerning the property. . . . The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of ['related to' jurisdiction].").

Therefore, the Bankruptcy Court does not have jurisdiction over the state law claims against Appellees. The Bankruptcy Court made no error in dismissing Appellees from the adversary proceedings, and it did not abuse its discretion in denying Appellant's motion for reconsideration of the dismissal.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The Bankruptcy Court's orders (Docs. 1-5, 1-6, 1-7) are **AFFIRMED**.

2.     This appeal is **DISMISSED**.

3.     The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 2, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record